UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CHARLES LEBEAU; VICTORIA<br>LEBEAU, et al.,<br><br>　　　　　　　　Defendants. | Case No. 10cv817 BTM(NLS)<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING MOTION TO DISMISS** |
|---|---|

Plaintiff, the United States, has filed a motion for partial summary judgment on its First claim and Third claim, as well as Defendants' statute of limitations defense, innocent spouse claim, and Counterclaim. Defendants have filed a motion to dismiss the United States' Amended Complaint. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for partial summary judgment, and **DENIES** Defendants' motion to dismiss.

## I. BACKGROUND

This action has been brought by the United States to reduce to judgment tax assessments against defendant Charles P. LeBeau and Victoria LeBeau and LeBeau's former law practice, the Law Offices of Charles P. LeBeau. In its Amended Complaint, the United States seeks to reduce to judgment the following assessments:

**1st Claim**: The federal income tax, penalty and interest assessments made against

defendants Charles P. LeBeau and Victoria LeBeau (the "LeBeaus" or "Defendants") regarding the joint income tax returns that they filed for their 1992, 1993, 1994, 1995, 1997, 1998 and 1999 tax years;

**2nd Claim**: The federal income tax, penalty and interest assessments made against defendant Charles P. LeBeau regarding income tax returns that he filed for the years 2002 through 2007;

**3rd Claim**: The federal tax and other assessments made against Charles P. LeBeau for the payroll tax liabilities owed by him and his sole proprietorship law firm, the Law Offices of Charles P. LeBeau, for eighteen different tax quarters during the time period from 1994 through 2001 (Mr. LeBeau and his sole proprietorship law firm are collectively referred to as "the law firm"); and

**4th Claim**: The assessment of the civil penalty made under 26 U.S.C. § 6721 against the law firm.

In their answer to the Amended Complaint, the LeBeaus assert a Counterclaim against the United States. In their Counterclaim, the LeBeaus assert that the United States has placed unauthorized tax liens against the sole and separate residential property of Victoria LeBeau. The LeBeaus request that the unauthorized tax liens be removed and also seek damages under 26 U.S.C. §§ 7432 and 7433. The LeBeaus also assert that the IRS is precluded from the collecting the taxes, penalties and interest set forth in the United States' First and Second Claim because they are barred by the statute of limitations.

In an order filed on June 13, 2011, the Court stayed litigation regarding the United States' Second Claim pending resolution of Mr. LeBeau's Tax Court petition, which concerns the same tax years.

## II. DISCUSSION

The United States seeks summary judgment on (1) its First Claim pertaining to the LeBeaus' joint income tax returns for the 1992, 1993, 1994, 1995, 1997, 1998 and 1999 tax years; and (2) its Third Claim regarding payroll tax liabilities owed by Charles LeBeau and his law firm during the time period from 1994 through 2001. The United States also seeks summary judgment on Defendants' innocent spouse claim, statute of limitations defense, and Counterclaim. Defendants, in turn, have filed a motion to dismiss the United States' Amended Complaint. Defendants' arguments in opposition to the motion for summary judgment are the same as their arguments in support of their motion to dismiss. As discussed below, the Court finds that these arguments lack merit and therefore grants the United States' motion for partial summary judgment and denies Defendants' motion to dismiss.

A. Correctness of Assessments

The government bears the initial burden of proof in an action to collect taxes. Palmer v. IRS, 116 F.3d 1309, 1312 (9th Cir. 1997). The government's "deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation." Id. at 1312. The burden of proof then shifts to the taxpayer who must show that the determination was incorrect. Id. A Form 4340 Certificate of Assessments and Payments "is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (internal quotation omitted).

The government has established its prima facie case by supporting its claims with copies of Defendants' tax returns and Forms 4340 for the tax years in question. (Duffy Decl., Exs. A-D; Horger Decl., Exs. A-D.) For many of the tax years in question, the amount of the tax assessment is the same as the amount due reported on the corresponding tax return. For other years, the amount of the tax assessment includes adjustments and/or

corrections as reflected on the Forms 4340.  The Forms 4340 also reflect assessments of penalties, interest, and fees and collection costs.

Defendants have not come forward with evidence showing that the assessments were incorrect.  Defendants make evidentiary objections to the Forms 4340.  However, these objections are overruled.  The Forms 4340 are not hearsay because they fall within the public records exception of Fed. R. Evid. 803(8).  Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1992).   The Forms are also self-authenticating domestic public documents under Fed. R. Evid. 902(1) because they are certified under seal.  Id. at 540. [1]

Defendants claim that because the IRS has not accounted to Defendants for payments that they have made, they do not know how or if the payments have been applied. However, as pointed out by the government, the Forms 4340 reflect that a number of the payments submitted by Defendants were applied to their tax liabilities for the tax years at issue. (Duffy Decl. Ex. D.)  Furthermore, many of the checks submitted by Defendants were designated to be applied to taxes owed for payroll tax quarters prior to December 31, 1994. (Def. Ex. B), and some checks were apparently dishonored (Duffy Decl., Exs. C-1, D-16). Defendants have not identified any specific payment that was not properly applied. Defendants cannot satisfy their burden by generally claiming that they don't know if their payments have been properly credited.

Defendants also make an argument that the IRS issued Certificates of Release of Federal Tax Liens for taxes owed by the law firm for periods ending September 30, 1993, December 31, 1993, March 31, 1999, and June 30, 1999.  (Def. Ex. K)   According to Defendants, these Certificates of Release are inconsistent with the assessments. However, "A certificate of release, while conclusive that the lien is extinguished, does not establish that the underlying tax liability has been paid or is not owed." In re Frank, 2011 WL 860684, at * 3 (Bankr. M.D.N.C. Mar. 9, 2011); United States v. Springer, 2010 WL 830614, * 9 (N.D. Okla. Mar. 3, 2010) (explaining that a certificate of release "does not establish that the

---

[1] The tax returns are public records under Fed. R. Evid. 901(b)(7), and Mr. Duffy's declaration that the forms were taken from the IRS's administrative files is enough to authenticate the forms.  United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir. 1989).

underlying tax liability has been paid").

Defendants have not presented evidence indicating that the government's assessments are inaccurate. Therefore, the presumption of correctness remains in place.

B. <u>Innocent Spouse</u>

The United States seeks summary judgment on Defendants' innocent spouse claim. It is actually unclear whether Defendants are asserting a separate innocent spouse claim or defense. However, to the extent Defendants are, the Court agrees with the government that the Court lacks jurisdiction to adjudicate such claim or defense.

Under 26 U.S.C. § 6015, a taxpayer seeking to file an election under the innocent spouse statute must do so in the first instance with the Secretary of the IRS and then may appeal to the Tax Court. The Court of Appeals has exclusive jurisdiction to review the decisions of the Tax Court. 26 U.S.C. § 6015 (e)(1)(A). The district court has jurisdiction to decide an innocent spouse issue only when the taxpayer files a refund suit in the district court while a § 6015 petition is pending with the Tax Court. <u>United States v. Boynton</u>, 2007 WL 737725, * 3 (S.D. Cal. Feb. 1, 2007). Otherwise, the district court has no jurisdiction to decide an innocent spouse claim. <u>Id.</u>  <u>See also</u> <u>Andrews v. United States</u>, 69 F. Supp. 2d 972, 978 (N.D. Ohio Feb. 24, 1999) (holding that district court lacked jurisdiction to reevaluate taxpayer's tax liability based on innocent spouse defense); <u>United States v. Cawog</u>, 2006 WL 1997421, at * 3 (W.D. Pa. June 15, 2006) (explaining that court was without jurisdiction to make a finding that defendant was an "innocent spouse" and absolve her of liability).

Mrs. LeBeau filed a request for innocent spouse relief with the IRS on February 8, 2000. (Kelly Decl., Ex. B.) Final Notices of Determination denying Mrs. LeBeau's request for tax periods ending 12/31/1992, 12/31/1993, and 12/31/1994 were issued by the IRS Appeals Office on April 23, 2003. (Kelly Decl. Ex. C.) Based on IRS records, Mrs. LeBeau did not file a petition with the Tax Court to challenge the denial. (Kelly Decl. ¶ 4.)

The limited circumstances under which a district court may exercise jurisdiction over

an innocent spouse claim do not appear to exist here.  Therefore, to the extent Defendants are asserting an innocent spouse claim or defense, the government's motion for summary judgment is granted.

C.  <u>Statute of Limitations</u>

Defendants contend that the statute of limitations prevents collection of "some or all" of the tax and other assessments included in the Amended Complaint.  In their Counterclaim, Defendants allege that the ten-year limitations period bars collection of some taxes, penalties, and interest in connection with the First Claim.[2]  As discussed below, Defendants have failed to raise a triable issue of material fact with respect to their statute of limitations defense.

Under 26 U.S.C. § 6502(a), the statute of limitations on a collection action is 10 years after the assessment of the tax.  The running of the 10-year limitations period is tolled during the pendency of a bankruptcy case and for 6 moths thereafter.  26 U.S.C. § 6503(h).  Defendants have filed a number of bankruptcy cases in the United States Bankruptcy Court for the Southern District of California: (1) Bankruptcy Case No. 95-0676 was filed on June 28, 1995 and dismissed on April 30, 1998; (2) Bankruptcy Case No. 98-09792 was filed on July 9, 1998 and dismissed on December 8, 1998; (3) Bankruptcy Case No. 99-02638 was filed on March 11, 1999 and dismissed on June 15, 1999; and (4) Bankruptcy Case No. 04-3600 was filed on April 20, 2004 and dismissed on July 13, 2004.

A taxpayer's filing of a request for a collection due process hearing under 26 U.S.C. § 6330 also tolls the 10-year limitations period during the pendency of the proceedings.  26 U.S.C. § 6330(e)(1).  IRS records show that Defendants filed collection due process administrative appeals under 26 U.S.C. § 6330 on or about January 24, 2000.  (Kelly Decl. ¶ 3.)  Determinations by the IRS were issued on June 2, 2000.  (Kelly Decl., Ex. A.)  No

---

[2] Defendants also argue that the statute of limitations bars collection of some taxes, penalties, and interest in connection with the Second Claim.  Litigation with respect to the Second Claim has been stayed.  Therefore the Court's ruling on the statute of limitations defense pertains to the First Claim only.

appeal was taken.

Taking into account the tolling effects of the various bankruptcy cases and the collection due process proceeding, all of the United States' claims are timely. Therefore, the United States is entitled to summary judgment on Defendants' statute of limitations defense.[3]

D. <u>Other Miscellaneous Arguments</u>

Defendants make numerous other arguments in opposition to the motion for summary judgment and in support of their motion to dismiss. The Court does not find any of them to be persuasive.

Defendants appear to argue that the Forms 4340 were required to be attached to the Complaint. However, there is no requirement that the Forms be submitted with the Complaint.

Defendants state that no notices were sent to Mrs. LeBeau. (Opposition to MSJ at 8:18-21.) But the Forms 4340 indicate that notice was sent to Defendants. "In the absence of evidence to the contrary, a Form 4340 is presumptive evidence that an assessment was properly made and notice and demand for payment sent in compliance with 26 U.S.C. § 6303(a)." <u>Bliss v. United States</u>, 1992 WL 360536, at * 4 (E.D. Wash. July 8, 1992). The government does not have to prove that the taxpayers received the notices, only that they were properly sent. <u>Id.</u> Defendants have not come forward with evidence that the IRS did not send notices to Mr. and Mrs. LeBeau.

Defendants claim that the government lacked authority to bring this suit because Defendants were not previously contacted by any authorized person prior to the commencement of suit. Defendants appear to be referring to IRS Manual 34.6.1.1.1-5, which explains that Executive Order 12778 on Civil Justice Reform requires that in referring a civil

---

[3] The earliest assessment at issue occurred on October 3, 1994 (for the 1992 income tax year of Charles LeBeau). Absent tolling, the limitations period would have expired on October 3, 2004. However, by the Court's calculations, the bankruptcy cases extended the limitations period another 1,901 days. The collection due process hearings extended the limitations period another 161 days (including 30 days after the IRS determinations were issued for the decisions to become final). Thus, the deadline for commencing suit was extended to May 27, 2010. This action was commenced on April 19, 2010.

action to the Department of Justice for the purpose of instituting a suit, either the Office of Chief Counsel or the Department of Justice make a reasonable effort to notify all disputants about the nature of the dispute and attempt to achieve a settlement. However, Executive Order 12778 does not provide for any private right of action, and the government's failure to comply with its terms does not provide a basis for the dismissal of an action. See United States v. Forrester, 2001 WL 1203288 (S.D. Ohio Aug. 14, 2001) (striking affirmative defense that government violated Executive Order 12778).[4]

Defendants also complain that the government has failed to "exhaust administrative remedies." It is unclear exactly what administrative remedies Defendants are referring to, but it seems that Defendants are arguing that the government must first pursue less drastic measures. There does not seem to be any legal requirement that the government first pursue less drastic measures before attempting to reduce assessments to judgment.

It is true that the IRS Manual explains, "The principal purpose for instituting a suit to reduce tax claims to judgment is to extend the statute of limitations for collection. . . . The suit will be brought if the collection statute will shortly expire, all administrative remedies have been exhausted, and there is a reason to believe that collection can be effected in the future . . . ." IRM 34.6.2.1-1. The IRS Manual also provides, "Existing instructions provide that Area Directors should recommend suit in a collection matter only where administrative remedies have been exhausted or have become impracticable." IRM 34.6.1.1.1.-3. However, the manual does not specify when administrative remedies have been exhausted or have become impracticable. Moreover, the manual is not binding law and does not confer judicially enforceable rights upon the taxpayer. Anderson v. United States, 44 F.3d 795, 799 (9th Cir. 1995); Lawler v. United States, 2006 WL 337583 (Fed. Cl. Oct. 26, 2006).

Defendants claim that the property at 1999 Via Segovia, La Jolla, CA 92037 ("Property") is Mrs. LeBeau's sole and separate property and argue that the government is wrongfully filing tax liens against the Property. This argument does not pertain to the merits

---

[4] To the extent Defendants claim that suit was not properly authorized by the IRS, the government has submitted a copy of the authorization letter dated January 26, 2010. (Attachment to Second Decl. of Duffy.)

of the government's claims. The issue of ownership of the Property is not relevant to the United States' claims because the United States is not seeking to foreclose its tax liens in this case.

Defendants also argue that although they filed joint tax returns for the years at issue in the First Claim, it was a mistake. Defendants explain that effective 1989, Defendants entered into a Post-Nuptial Agreement and Transmutation Agreement under which Mrs. LeBeau received the Property as her sole property and Mr. LeBeau received the law office business, debts, and liabilities. Defendants blame their tax preparer for the joint tax filing and argue that the IRS should be bound by the Post-Nuptial and Transmutation Agreements.

Even if Mr and Mrs. LeBeau agreed between themselves that Mr. LeBeau's business and associated debts and liabilities belong solely to him, by filing a joint tax return, the LeBeaus became jointly and severally liable for the taxes on his income. 26 U.S.C. § 6013(d)(3). As explained by the Bankruptcy Appellate Panel of the Tenth Circuit:

> Even if the Taxes are attributed to her spouse's income, by executing and filing a joint return, the debtor became jointly and severally liable with the spouse for the Taxes as a matter of law. Notification of that liability is clearly set forth in title 26 of the United States Code. The debtor cannot have the best of all worlds. When a spouse without earned income signs a joint return with a wage-earning spouse, the family must reap a benefit by paying less tax.

In re Carlin, 328 B.R. 221, 226 (10th Cir. BAP 2005).

Defendants suggest that they should be able to amend their joint tax returns to married filing separately. But according to Treasury Regulations, "For any taxable year with respect to which a joint return has been filed, separate returns shall not be made by the spouses after the time for filing the return of either has expired." 26 C.F.R. § 1.6013-1(a)(1). Defendants have not provided any legal authority establishing that this Court can provide any remedy for the "mistake" in filing of the joint tax returns.

E. Counterclaim

The government moves for summary judgment on Defendants' Counterclaim. The Court has already addressed Defendants' statute of limitations argument above. Now the Court turns to Defendants' claim for damages and injunctive relief.

Defendants seek damages of $100,000 under 26 U.S.C. §§ 7432 and 7433 for unauthorized tax liens against Mrs. LeBeau's Property. Under § 7432(d) and § 7433(d), damages shall not be awarded unless the court determines that the plaintiff has exhausted the administrative remedies available within the Internal Revenue Service. The taxpayer must make a claim in writing to the "Area Director, Attn: Compliance Technical Support Manager" of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). Suit may not be filed until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. 301.7433-1(d). Defendants have not established that they have exhausted their administrative remedies.

Defendants also request that the Court issue an order to remove the allegedly unauthorized tax liens against the Property. The Court lacks jurisdiction over this claim for injunctive relief. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . . " 26 U.S.C. § 7421(a). There are statutory exceptions to the Anti-Injunction Act, but Defendants have not shown that these exceptions apply here. See 26 U.S.C. §§ 6212(a) and 6213(a).

There is also a judicial exception to the Act, which permits suit if the taxpayer demonstrates that (1) under no circumstances could the government prevail on the merits; and (2) irreparable injury would otherwise occur. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). The taxpayer bears the burden of pleading and proving facts to establish that the government cannot ultimately prevail. Elias v. Connett, 908 F.2d 521, 525 (1990). The government need only have a good faith basis for its claim in order to obtain a dismissal. Id.

As discussed above, the government has a good faith basis for holding Defendants jointly and severally liable for tax years where Defendants filed joint tax returns. Therefore, Defendants have not shown that any liens on the Property are improper. Accordingly, Defendants do not qualify for the judicial exception to the Anti-Injunction Act, and the Court lacks jurisdiction over Defendants' claim for injunctive relief.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the government's motion for partial summary judgment. The Court grants summary judgment in favor of the government and against Defendants on the government's First Claim and Third Claim as follows:

- Defendants Charles P. and Victoria LeBeau are indebted to the United States for the income tax liabilities for the tax years ending 12/31/1992, 12/31/1993, 12/31/1994, 12/31/1995, 12/31/1997, 12/31/1998, and 12/31/1999, in the amount of $1,068,362.30, as of April 1, 2010, plus unassessed interest, penalties and other additions accruing thereafter, less any payments and credits, as provided by law.

- Charles P. LeBeau is indebted to the United States for federal payroll taxes (IRS Form 941) owed by himself and his sole proprietorship, the Law Office of Charles P. LeBeau, for the tax periods ending 12/31/1994, 3/31/1995, 6/30/1995, 9/30/1995, 12/31/1996, 3/31/1997, 6/30/1997, 9/30/1997, 12/31/1997, 3/31/1998, 6/30/1998, 12/31/1998, 3/31/1999, 6/30/1999, 9/30/1999, 3/31/2001, 9/30/2001, 12/31/2001, in the amount of $344,820.41 as of April 1, 2010, plus unassessed interest, penalties and other additions accruing thereafter, less any payments and credits, as provided by law.

The Court also grants summary judgment in favor of the government on Defendants' Counterclaim, statute of limitations defense as to the First Claim, and innocent spouse claim (to the extent Defendants are asserting such a claim). The Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

DATED: March 12, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court